COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-410-CR
  
  
JOHN WESLEY JONES, JR.                                                    APPELLANT
A/K/A JOHN W. JONES, JR.
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant John Wesley Jones, Jr. of felony bail jumping and 
assessed his punishment at eight years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice.  The trial court 
sentenced him accordingly.  In one point, Appellant contends that the 
evidence is factually insufficient to support the jury’s rejection of his 
reasonable excuse defense.  Because we hold that the evidence is factually 
sufficient to support the jury’s rejection of Appellant’s defense, we affirm 
the trial court’s judgment.
        Section 
38.10 of the Texas Penal Code provides, in relevant part:
  
(a) A person lawfully released from custody, with or without bail, on condition 
that he subsequently appear commits an offense if he intentionally or knowingly 
fails to appear in accordance with the terms of his release.
 
. . . .
 
(c) It 
is a defense to prosecution under this section that the actor had a reasonable 
excuse for his failure to appear in accordance with the terms of his release.
 
. . . .
 
(f) An 
offense under this section is a felony of the third degree if the offense for 
which the actor's appearance was required is classified as a felony.[2]
 
 
        The 
evidence showed that Appellant failed to appear for a contest docket on July 30, 
2003.  State’s witness Debra Cooper, a bond agent for Appellant’s 
bondsman, testified that after speaking with the court coordinator, she called a 
friend of Appellant’s in an effort to locate him.  Appellant called her 
back later that morning and told her that the friend whom he had planned to ride 
with to court had had car trouble, but they were trying to get the car 
going.  Cooper told Appellant that he needed to get to court, whether by 
bus or some other means.  She never heard from Appellant again.
        Appellant’s 
aunt testified that Appellant called her that same morning, but she could not 
help him because she did not have a car or any money.  She also testified 
that Appellant had friends and relatives with paying jobs and access to 
transportation.  There was no evidence that Appellant ever contacted the 
court about his absence.  Appellant was arrested about a month later.
        When 
a defendant challenges the factual sufficiency of the rejection of a defense, 
the reviewing court employs the same standard of review articulated in Zuniga, 
because once the defendant has met his or her burden of production of evidence 
as to a defense, the State bears the burden to prove appellant’s guilt of the 
charged offense beyond a reasonable doubt.[3]  A 
guilty finding is an implicit rejection of the defense.[4]  
In performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.[5]  We may not 
substitute our judgment for that of the fact finder’s.[6]
        The 
jury in this case was free to disbelieve that Appellant could not get to court 
because of car trouble; it was also free to disbelieve that the excuse, even if 
true, was reasonable.  Applying the appropriate standard of review,[7] we therefore hold that the evidence was factually 
sufficient to support the jury’s rejection of Appellant’s defense. We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
   
  
                                                                  PER 
CURIAM
  
  
PANEL F:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: December 16, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Tex. Penal Code Ann. § 38.10 (Vernon 
2003).
3.  Roy 
v. State, Nos. 14-02-00909-CR & 14-02-00910-CR, 2004 WL 1607489, at *3-4 
(Tex. App.—Houston [14th Dist.] July 20, 2004, no pet.); see Zuniga v. 
State, 144 S.W.3d 477, 482-85 (Tex. Crim. App. 2004); Zuliani v. State, 
97 S.W.3d 589, 595 (Tex. Crim. App. 2003).
4.  Zuliani, 
97 S.W.3d at 594.
5.  Zuniga, 
144 S.W.3d at 481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 
1997).
6.  Zuniga, 
144 S.W.3d at 482.
7.  See 
id. at 481-82, 484-87; Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. 
App. 2003); Cain, 958 S.W.2d at 407 (all providing factual sufficiency 
standard of review).